IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, § § § | |
| PLAINTIFF, § § | |
| V. § | CIVIL ACTION NO. 4:23-cv-3221 |
| § | |
| DANIEL PAUL BLANK, § § § | |
| DEFENDANT. § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") files this its Original Complaint for Declaratory Judgment, seeking a judicial declaration that it has no duty to pay damages in excess of its policy limits of $30,000 for the claims asserted against Allstate's insured in a state court lawsuit based on a requested determination that Defendant has never sent a valid *Stowers* demand, precluding any *Stowers* liability as a matter of law, and that Allstate acted reasonably in responding to the demand. In support of the relief requested, Allstate would respectfully show the Court the following:

**I.**
**PARTIES**

1.  Plaintiff Allstate is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. As a result, Plaintiff is a citizen of the State of Illinois and no other state for jurisdictional purposes to determine diversity of citizenship pursuant to 28 U.S.C. §1332(c)(i).

2. Defendant Daniel Paul Blank is an individual who, on information and belief, continues to reside in Harris County, Texas. Based on the police report for the accident that allegedly injured him, Mr. Blank may be served with process at his last known address, 9500 West Road, Apt. 1408, Houston, Texas 77064 or wherever else he may be found. Allstate requests service on Mr. Blank either personally or through his attorney of record in the underlying lawsuit, Randall O. Sorrels at Sorrels Law, 5300 Memorial Drive, Suite 270, Houston, Texas 77007 either as Mr. Blank's agent for service or, after the requisite showing, as a reasonably effective means of providing Mr. Blank with notice of this Original Complaint. FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106; *see also Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio 1987, no writ). Allstate will seek to serve Mr. Blank first through his attorney and will request other service if Mr. Sorrels declines or is not authorized to accept service on his behalf.

## II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Although the Allstate policy has a bodily injury liability of $30,000, in his current pleading in the state court lawsuit, Mr. Black seeks monetary relief of more than $200,000 but less than $1 million. Furthermore, counsel for Mr. Black subsequently asserted that Allstate is liable for the full amount of any judgment entered in the underlying lawsuit because of a "blown *Stowers*" claim and made a multi-million dollar demand to settle the *Stowers* claim. This asserted *Stowers* exposure satisfies the jurisdictional requirements because there is a legal possibility,

however remote, that Allstate may be liable for the full amount of any judgment for precisely the same reasons the Fifth Circuit upheld federal court jurisdiction based on an asserted *Stowers* claim in *Allstate Fire and Casualty Insurance Company v. Love,* 71 F. 4th 348, 353-54 (5th Cir. 2023).  This is because "the value of the right to be protected or the extent of the injury to be prevented" is a carrier's "potential liability" to the claimant for jurisdictional purposes.  *St. Paul Reinsurance Company LTD. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations and footnotes omitted).  Thus, the minimum jurisdictional amount exists in this case.

4.  There is an actual controversy between Allstate and Daniel Paul Blank for purposes of 28 U.S.C. § 2201 because of Mr. Black's contention that Allstate is legally responsible for the full amount of what Mr. Black has asserted will be a multi-million dollar judgment in the underlying state court lawsuit, the basis for his multi-million dollar demand to settle the potential *Stowers* claim.  Additionally, Mr. Blank is a potential third-party beneficiary to the Allstate liability policy in his effort to seek any coverage benefits under that policy.  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123–25 (5th Cir. 1981).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Allstate policy that is the subject of this action was issued in this District, and all of the events made the basis of Mr. Blank's state court action against Allstate's insured and the alleged *Stowers* claim occurred in this District.  Further, Mr. Blank's lawsuit against Allstate's insured was filed in a Texas state court located in this District.

## III.
### DECLARATORY JUDGMENT ACTION

6. Allstate brings this declaratory judgment action under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 for the purpose of determining actual controversies between the parties, as described herein. These controversies exist based on the contention that Allstate has multi-million dollar exposure in excess of its $30,000 policy limit based on a April 22, 2022 settlement offer letter from Mr. Blank's counsel, incorrectly described as a valid *Stowers* demand. That controversy is based on established Texas law that this letter does not comply with the "full release" *Stowers* requirement, as well as Mr. Blank's inability to prove that Allstate acted unreasonably in response to that letter.

7. The bodily injury claim that is the basis for the asserted *Stowers* claim is the subject of the lawsuit styled *Daniel Paul Blank v. Ramos Fuentes,* Cause No. 2022-09413, currently pending in the 151st Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). Texas law applies because Allstate issued the auto policy to a citizen and resident of Texas (Mr. Fuentes) and is authorized to do business in Texas. *See In re ATP Oil & Gas Corp.,* 51 Bank. 694, 700 (S.D. Tex. Bank. 2015); *Millis Development & Construction, Inc. v. America First Lloyd's Ins. Co.,* 2011 WL3567331, at *7 (S.D. Tex. Aug. 12, 2011). Also, Texas law applies to assess the asserted *Stowers* claim. *See, e.g., American Guarantee and Liability Ins. Co. v. Ace American Ins. Co.,* 990 F.3d 842, 846-50 (5th Cir. 2021); *BPX Production Co. v. Certain Underwriters at Lloyd's London,* 2023 WL23233, at *6-*7 (S.D. Tex. Jan. 3, 2023).

8. Under Texas law, Allstate is entitled to seek a declaratory judgment regarding the absence of valid *Stowers* claim before any the final judgment in the Underlying Lawsuit.

4

*See Tex. Ass'n of Counties County Gov't Risk Mgmt. Pool v. Matagorda County*, 52 S.W.3d 128, 135 (Tex. 2000) (noting that an insurer "may, among other options, seek prompt resolution of the coverage dispute in a declaratory judgment action, a step we have encouraged insurers ... to take") (citing *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996)).

9. The Texas Supreme Court in *Gandy* recognized the utility of declaratory judgment actions such as this one:

> For example, when issues of coverage and the duty to defend arise, it is not unusual for I [insurer] or D [defendant] or both to attempt to adjudicate them before P's [plaintiff] claim is adjudicated. Disputes between I and D can often be expeditiously resolved in an action for declaratory judgment while P's claim is pending. . . . . We recognize that prosecution of a declaratory judgment action may be burdensome to D, but often I will assume the burden of having the issues resolved. A plaintiff who thinks a defendant should be covered by insurance may be willing to await or even assist in obtaining an adjudication of the insurer's responsibility.

925 S.W.2d at 714.

10. Citing *Gandy*, the Texas Supreme Court in *Matagorda County* reiterated its encouraging carriers such as Allstate to seek declaratory relief where such relief may expedite settlements and avoid disputes regarding the extent of a carrier's legal obligations. In rejecting the carrier's argument that it was appropriate to accept a *Stowers* demand for a claim that ultimately was not covered and thereafter to seek reimbursement from the insured, the Court in *Matagorda County* explained that the carrier may avoid this result and "seek prompt resolution of the coverage dispute in a declaratory judgment action, a step we have encouraged insurers in [the carrier's] position to take." 52 S.W.3d at 135 (citations omitted). The Court further explained that "[r]equiring the insurer, rather than the insured, to

5

choose a course of action is appropriate because the insurer is the business of analyzing and allocating risk and is in the position to assess the viability of its coverage dispute." *Id* (citation omitted). Thus, Allstate's pursuing this declaratory judgment action is precisely the approach encouraged by the Texas Supreme Court in *Gandy* and *Matagorda County* because the requested declaratory relief is necessary for any settlement efforts, given Mr. Blank's multi-million dollar demand premised on the validity of his *Stowers* claim.

### IV.
### ABSENCE OF *STOWERS* LIABILITY

11.     Mr. Blank incorrectly argues that Allstate has excess exposure based on his April 22, 2022 settlement demand. However, as the Fifth Circuit has concluded, "not all settlement demands give rise to a *Stowers* duty." *American Guarantee,* 990 F.3d at 847 (footnote and citations omitted). Technical requirements for any valid *Stowers* demand include the need to offer an unconditional full release of the insured. *Id.* (footnotes and citations omitted). The April 22, 2022 letter fails to comply with this technical "full release" requirement by requiring delivery of a settlement check for the full policy limits made payable solely to counsel as trustee for Mr. Blank by the specified deadline as the sole means to accept the settlement offer, despite the Notice of Hospital Lien filed by Memorial Hermann Southeast Hospital (the "Hospital") on November 5, 2021, months prior to the settlement offer letter.

12.     Although reporting that Mr. Blank agrees to satisfy unspecified lien claims, the letter fails to comply with any of the three alternatives for a valid and enforceable release of the Hospital's statutory lien claim mandated by the Texas Supreme Court in *Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489, 490 (Tex. 1998). Indeed, when

6

presented with the same type of demand letter requiring the delivery of a settlement check payable solely to the claimant and counsel despite a hospital lien claim, the Court in *McDonald v. Home State County Mut. Ins. Co.* concluded that the settlement offer letter was not a valid *Stowers* demand, precluding any excess recovery as a matter of law. 2011 WL 1103116, at *4-*5 (Tex. App.—Houston [1st Dist.] Mar. 24, 2011, pet. denied). As the Court reiterated in *McDonald*, any proposed release where there is a hospital lien is not valid absent compliance with one of the three statutory alternatives necessary for a valid release of the hospital lien. Sl. Op. at *4-*5.

13. Where, as here, the Hospital's charges were not previously paid in full, the Hospital itself must be a party to the release as required by section 55.007 of the Texas Property Code. *Id*. That did not occur here, which is critical because the Hospital is entitled to first proceeds of any settlement before any recovery by the patient or counsel. Sl. Op. at *4. As a result, Mr. Blank's settlement offer letter is not a valid *Stowers* demand because it did not include a proper release of the Hospital Lien consistent with the governing provisions of the Texas Property Code, exposing Allstate and its insured to a claim for the lienholder by making the required payment solely to counsel as demanded in that letter, despite the Hospital's right to first proceeds of the policy benefits. Sl. Op. at *4-*5.

14. The Court in *McDonald* concluded that the same settlement offer letter did not comply with this technical "full release" requirement for a valid release of a Hospital Lien even though the demand referenced the *Stowers* doctrine and made an authorized offer by the bodily injury claimant "to fully and finally settle his claims against the

7

insured." Sl. Op. at *6.  As also was true in *McDonald*, Mr. Blank's demand specifically required acceptance by delivery of a check payable to counsel to accept the demand. Referencing the decision in *Bleeker*, the Court in *McDonald* held that this demand was not valid because: "These express instructions in the settlement demand subjected the insurer to a risk that a settlement on the offer terms would not be a full one," as required by Texas law. *Id*.  This is based, in part, on the underlying premise that the bodily injury claimant does not have the right to recover any policy benefits or to release a hospital lien, invalidating a release where, as here, the proposed release does not comply with any of the three *Bleeker* requirements listed in the Property Code.  Sl. Op. at *4-*5.

15. Precisely that same exposure caused by requiring a settlement check payable solely to counsel was addressed by the Texas Supreme Court in *McAllen Hospitals, L.P. v. State Farm County Mutual Insurance Company of Texas*, 433 S.W.3d 535 (Tex. 2014).  In that case, the Court required the auto liability carrier to pay the full amount of a hospital lien even though it had included the lienholder as a co-payee on the settlement check because the liability carrier had failed to discharge its statutory obligation to the lienholder by issuing a separate check for the full lien amount. 433 S.W.3d at 539-40.  Indeed, the Court also voided the liability release signed by the claimant releasing the insured on that basis.  433 S.W.3d at 540-41.

16. The need for a separate check for a valid release of the Hospital's lien claim is further supported by the subsequent decisions in *ViewPoint Bank v. Allied Property & Casualty Ins. Co.*, 439 S.W.3d 626, 631-32 (Tex. App.—Dallas 2014, pet. denied) (payment by joint check did not discharge the insurer's liability to the

8

mortgagee/lienholder) and *Allstate Indemnity Co. v. Memorial Hermann Health System*, 437 S.W.3d 570, 576-77 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (lienholder has direct claim against carrier that failed to pay lien amount by separate check). These decisions support the need for a separate settlement check payable to the Hospital for a valid release of the Hospital's statutory lien claim, confirming that the April 22, 2022 settlement offer letter is not a valid *Stowers* demand by failing properly to include a valid release of the Hospital's existing lien claim.

17. On this same basis, as the Court ruled in *McDonald*, Allstate had no legal obligation even to respond to the settlement offer letter, and no excess liability exists because the demand letter did not include a valid release of the Hospital's statutory lien claim to satisfy the "full release" *Stowers* requirement. Sl. Op. at *3. Thus, as in *McDonald*, the failure to comply with this full release requirement eliminates any potential excess exposure as a matter of law. *See also, e.g., Rocor Intl., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 77 S.W.3d 253, 262 (Tex. 2002) S.W.3d at 262; *American Guarantee,* 990 F.3d at 847; *Montoya v. State Farm Mutual Automobile Ins. Co.*, 2017 WL3726058, at *3 (W.D. Tex. Aug. 29, 2017).

18. A separate and independent basis for the declaratory relief requested by Allstate is Mr. Blank's inability to prove that Allstate acted unreasonably in response to that settlement offer letter. The circumstances and unreasonably short deadline for a response demonstrate that the letter was orchestrated to create a *Stowers* claim in an effort to obtain a recovery greater than the $30,000 policy limit in light of the Hospital's first proceeds lien claim for $23,621.25. Soon after notice that a lawsuit had been filed, the adjuster

contacted counsel's office and left a message requesting the status of Mr. Blank's treatment and whether counsel intended to submit a settlement demand. The call was never returned. When the adjuster spoke with defense counsel on March 25, 2022, he confirmed that no demand had been sent to date and also that there had been no discovery disclosures reflecting any medical bills or expenses. Shortly thereafter, with counsel's consent, Allstate settled Mr. Blank's property damage claim.

19. Despite the numerous direct communications between the adjuster and Mr. Blank's counsel and the call from the adjuster asking for the status of the treatment and any demand letter, the April 22, 2022 settlement offer letter was sent to defense counsel, not to the adjuster. Circumstances in the interim resulted in the adjuster's timely May 12, 2022 response letter reporting the need for additional time to obtain and evaluate all of the medical bills and records to analyze Mr. Blank's claim. The adjuster made every reasonable effort to obtain all of the necessary medical bills and records to evaluate Mr. Blank's claim, which did not occur until July 7, 2022. At that time, the adjuster promptly tendered the policy limits on that same date. This settlement offer was rejected based on the contention that the tender was not timely, resulting in a "blown *Stowers*" claim for millions of dollars.

For these reasons, Plaintiff Allstate Fire and Casualty Insurance Company respectfully requests that Defendant Daniel Paul Blank be cited to appear and answer herein and that the Court thereafter enter a declaratory judgment determining that Plaintiff has no liability in excess of its $30,000 bodily injury liability limit for any

recovery by Defendant and for such other and further relief that the Court deems just and proper.

                    Respectfully submitted,

*/s/ Ronald J. Restrepo*
Ronald J. Restrepo
State Bar No. 16791300
Federal I.D. No. 920
rrestrepo@drhrlaw.com
**DOYLE, RESTREPO, HARVIN & ROBBINS, LLP**
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**