IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: 4:23-cv-03221 |
| DANIEL PUAL BLANK | § § | |
| *Defendant.* | § | |

## PLAINTIFF'S MOTION TO DISMISS

### Summary of the Argument

Robert Fuentes crashed into Daniel Blank causing serious injuries. A case between Mr. Blank and Mr. Fuentes is pending in Harris County. Allstate is Mr. Fuentes' insurer. Under the *Stowers* doctrine, an insurer (e.g., Allstate) owes its insured (e.g., Mr. Fuentes) a common law duty to exercise ordinary care in handling and settling claims to avoid subjecting an insured to a judgment exceeding the limits of the applicable insurance policy.

Even though the *Stowers* duty is owed to the insured (e.g., Mr. Fuentes), and any claim for breach of the duty belongs to Mr. Fuentes (contingent up on a verdict in Harris County exceeding policy limits), Allstate sued Mr. Blank for declaratory relief seeking a declaration of nonliability in tort related to Allstate's potential and contingent *Stowers* liability. Allstate's claims are defective on many levels.

*First*, this Court lacks subject matter jurisdiction because the claims are not ripe and no justiciable controversy between Mr. Blank and Allstate exists. A *Stowers* claim is not ripe until there is a final judgment exceeding policy limits against the insured. Mr. Blank has not yet obtained such a judgment. Relatedly, under the "no-direct-action rule," a dispute between an injured party (e.g., Mr. Blank) and a tortfeasor's insurance carrier (e.g., Allstate) is not justiciable until liability of the insured tortfeasor (e.g., Mr. Fuentes) is determined. While this rule is most often invoked to prevent an injured party from suing an insurance carrier directly, it logically follows that the reverse is true: an insurance carrier cannot preemptively sue an injured party seeking a declaration that it does not owe or did not breach its tort duties and does not have to pay a potential excess verdict.

*Second*, this Court has discretion as to whether to hear a claim for declaratory relief. Nearly all the relevant factors—judicial economy, forum shopping, the anticipatory nature of this suit, and federalism—weigh strongly in favor of this Court declining to hear this case. And, importantly, no factor weighs in favor of this Court hearing this case.

*Third*, *Stowers* is a tort duty; a breach of that duty is a negligence claim. It is well-settled that a declaratory judgment action cannot be used to obtain a declaration of nonliability in tort.

Mr. Blank respectfully requests that this Court dismiss Allstate's complaint.

## Background

This matter arises out of and is ancillary to another lawsuit pending in Harris County styled *Daniel Paul Blank v. Ramos Fuentes*, Cause No. 2022-09413, in the 151st Judicial District Court, Harris County, Texas (the "Harris County Suit"). (*See* ECF No. 1, ¶ 7). The Harris County Suit concerns a serious truck crash in which Ramos Fuentes violently rear-ended Daniel Paul Blank causing significant injuries. The Harris County Suit is set for trial in April 2024.

Allstate is Mr. Fuentes' insurer. (ECF No. 1, ¶ 3). Allstate owes a tort duty to Mr. Fuentes (and not to Mr. Blank, the party Allstate has sued) to "exercise ordinary care in the settlement of claims to protect [him] against judgments in excess of policy limits." *See Am. Guar. & Liabl. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 847 (5th Cir. 2021); *In re Farmers Tex. Cty. Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021). During the Harris County Suit, Mr. Blank made an offer to Allstate to settle his claims against Mr. Fuentes for policy limits. (ECF No. 1, ¶ 11). Allstate admits that it did not timely accept the offer. (*Id.* ¶ 19) (purporting to accept the offer on July 7, 2022, over a month after the deadline).

Attempting to avoid its liability for negligently rejecting the settlement offer in the Harris County Suit and possibly exposing its insured to a substantial verdict exceeding policy limits, Allstate has contrived several excuses for its mishandling

of the settlement discussions. Allstate then instituted this suit against Mr. Blank seeking a declaration that it was not liable under *Stowers*.

Substantively, Allstate's arguments regarding its potential breach of its *Stowers* obligations lack merit. But as discussed below, this is not the right time, place, or means to resolve questions concerning Allstate's potential breach of its tort duty to its insured. Allstate's complaint should be dismissed.

## Argument and Authorities

**A.      This action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.**

### 1.      The claims are not ripe and no justiciable controversy exists between Mr. Blank and Allstate.

This Court lacks subject matter jurisdiction because questions concerning Allstate's *Stowers* duty and related breach are not ripe and no justiciable controversy between Mr. Blank and Allstate exists. *See Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) ("Ripeness is a question of law that implicates [the] court's subject matter jurisdiction."); *see also e.g., Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006) (discussing that ripeness and justiciability are components of subject matter jurisdiction).

In fact, this controversy may never become ripe because of two contingencies. If the jury either does not find Mr. Fuentes' liable or awards damages less than policy limits, no *Stowers* action will ever accrue.

4

"Under Texas law, 'a *Stowers* cause of action does not accrue until the judgment in the underlying case becomes final.'" *See One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 2012 WL 2403500, at *5 (S.D. Tex. June 25, 2012) (quoting *Street v. Honorable Second Ct. of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988)). *One Beacon Insurance* is instructive on the question of ripeness in the *Stowers* context. In that case, the insured asserted a counterclaim against its insurer claiming that the insurer failed to settle a claim, thereby potentially exposing the insured to a verdict exceeding policy limits. In response, the insurer argued that the underlying litigation had not been resolved, and, as such, the insured was not "actually exposed to damages beyond the policy limit, which can only occur after judgment has been entered in the underlying action." *Id.*

The district court agreed with the insurer and held that the claims regarding the insurer's *Stowers* duty were premature. The district court reasoned that because "there is no final judgment . . . the *Stowers* claim is not yet ripe" and dismissed the insured's claims. *Id.*

The same reasoning applies here. No final judgment in the Harris County Suit has been entered (the case is set for trial in April 2024). It is possible that Mr. Blank might not receive a judgment exceeding the policy limits. Until Mr. Blank receives a judgment against Mr. Fuentes in the Harris County Suit that exceeds policy limits, any issues regarding *Stowers* are not ripe. Indeed, because Mr.

Fuentes' claim that Allstate breached its *Stowers* duties does not accrue until a judgment is entered in the Harris County Suit, any opinion regarding Allstate's duty and breach would effectively be an advisory opinion based on "hypothetical or abstract facts," which is yet another reason to dismiss this case. *See Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918, 920 (5th Cir. 1970).

Another line of cases considering Texas' "no-direct-action rule" demonstrates that no justiciable controversy between Allstate and Mr. Blank exists. "A party aggrieved in contract or tort 'by the insured is a third party beneficiary of a liability insurance policy.'" *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 309 (5th Cir. 2021) (quoting *State Farm Cnty. Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989)). But "these third-party beneficiaries face the hurdle of the no-direct-action rule." *Id.* "'The general rule is that an injured party cannot sue the [defendant's] insurer directly until the [defendant's] liability has been finally determined by agreement or judgment.'" *Id.* (quoting *In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014)). "In other words, a third-party beneficiary as plaintiff 'cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party.'" *Id.* (quoting *Ollis*, 768 S.W.2d at 723). Courts have dismissed cases under this rule for lack of subject matter jurisdiction because no justiciable controversy exists. *See Transwood Carriers, Inc. v. Gemini Ins. Co.*, 2021 WL 7708322,

at *3–4 (S.D. Tex. Dec. 17 2021) ("[T]he no-direct-action rule is jurisdictional because there is no justiciable controversy between the third-party plaintiff and the insurer without a judgment or agreement establishing the insured-defendant's liability.").

Here, no justiciable controversy exists between Mr. Blank and Allstate because Mr. Fuentes' liability has not been decided in the Harris County Suit. The fact that Allstate filed suit first and positioned itself as the plaintiff does not somehow make a potential controversy between Mr. Blank and Allstate justiciable. In other words, because Mr. Blank could not sue Allstate on the insurance policy, it necessarily follows that Allstate cannot sue Mr. Blank seeking a declaration of nonliability regarding its handling of settlement negotiations under the very same policy.[1]

Finally, the cases cited in Allstate's complaint as supposedly authorizing a declaratory judgment action in this context are inapposite. (ECF No. 1, ¶¶ 9–11).[2] This is not a contractual coverage dispute or a dispute over defense and indemnity between an insurer and its insured. *See e.g., In re Essex Ins. Co.*, 450 S.W.3d at 527

---

[1] The no-direction-action rule has its roots in policy considerations. Courts have explained that allowing an injured party to sue an insurer "would undermine the duties that insurers owe to their insureds." *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 213 S.W.3d 455, 460 (Tex. App.—Dallas 2006, pet. denied). Those same considerations are present here. Allstate should be defending its insured (or should have settled the case if liability is clear). Yet Allstate filed this suit regarding Allstate's tort exposure—*to its insured* nonetheless—that presupposes that the insured is liable. This is just another reason why Allstate's entire complaint is misconceived.

[2] Plaintiff will address in more detail these arguments or any other arguments in a reply as appropriate.

(discussing the interplay of the no-direct-action rule and declaratory judgment actions in certain contexts). Rather, Allstate has taken the unprecedented and legally untenable step of seeking a declaration against an injured party that it reasonably handled a settlement offer before (i) liability of Allstate's insured for the underlying crash has been found, and (ii) a final judgment exceeding policy limits has been entered against Allstate's insured. No case cited by Allstate authorizes such an action.

### 2. The Court should exercise its discretion and decline to hear this case.

Putting the subject matter jurisdiction defects discussed above aside, this Court has discretion as to whether to consider a declaratory judgment action. Under the Declaratory Judgment Act, while federal courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a), "[t]hey are not compelled to do so." *Koch Project Sols., L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *10 (5th Cir. Nov. 11, 2022).

"A district court considering a declaratory judgment 'must engage in a three-step inquiry.'" *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 162 (5th Cir. 2015) (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). "The district court must determine (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the

declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id.*

As discussed above, this declaratory judgment action is not justiciable. Looking beyond this defect, policy considerations weigh strongly in favor of this Court exercising its discretion to dismiss this case.

Courts in the Fifth Circuit consider seven nonexclusive factors to determine whether to dismiss a declaratory judgment action:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

The most significant factor here is judicial economy. Allstate seeks a declaration regarding its *Stowers* duty and breach thereof. Allstate is seeking a declaration based on a purely hypothetical scenario. As noted above, issues with *Stowers* do not accrue until Mr. Blank obtains a judgment exceeding policy limits. *See One Beacon Ins. Co.*, 2012 WL 2403500 at *5. It is possible that Mr. Blank does not receive such a judgment. Judicial economy would be better served by waiting to litigate these issues on fully adjudicated facts as opposed to issuing an advisory opinion on speculative facts.

Relatedly, it is unclear what effect, if any, a declaratory judgment between Mr. Blank and Allstate would have on future issues. Assuming that Mr. Blank obtained a verdict in excess of policy limits, any claim that Allstate breached its *Stowers* duty would belong to Mr. Fuentes. But Mr. Fuentes is not a party to this case. Because Mr. Fuentes is not a party here, there would be no preclusive effect on Mr. Fuentes of a declaratory judgment entered in this action between Allstate and Mr. Blank. *See e.g.*, *Hammervold v. Blank*, 3 F.4th 803, 810 (5th Cir. 2021) (discussing the elements of res judicata and collateral estoppel). In other words, this action, as it presently exists, does not advance the interests of any party.

But more important, if this case is allowed to proceed, the Court would be opening the floodgates to significant and needless litigation. *Stowers* demands are a routine part of litigation and are made in nearly every case involving insurance

(which is a large percentage of all litigation). Allowing this case to proceed would be inviting insurers to file a parallel federal action seeking an advisory opinion vis-à-vis a declaratory judgment action regarding possible liability related to settlement negotiations. It is not hyperbole to say that if this case is allowed to proceed that the federal courts will soon be called upon to review the validity of every *Stowers* demand or opine about settlement negotiations a significant portion of routine state court tort litigation. This Court should decline this invitation.

Next, Allstate unquestionably filed this suit "in anticipation" of a later suit. This is the stated purpose of Allstate's filing.

Allstate is also engaged in forum shopping. Allstate is attempting to have its ultimate tort liability to Mr. Fuentes determined in federal court as opposed to state court (which, as discussed below, is wholly improper).

Finally, courts have recognized that federalism is best served by declining to exercise jurisdiction in a case in which "there are no federal interests at stake" and "the state law to be applied is well-settled," such as this case. *See Twin City Fire Ins. Co. v. Carpenter*, 2021 WL 3172269, at *6 (N.D. Tex. July 26, 2021). In fact, in *Twin City Fire Insurance Company*, the court dismissed the federal declaratory judgment action largely on federalism grounds even though no state action was pending, explaining that "while it is technically accurate that there is no pending

state action, it seems obvious that one is coming."[3] *Id.* at *2. The court also concluded that the three *Trejo* factors that address fairness all weighed against exercising jurisdiction. *Id.* at *6–9. "Improper reasons for bringing declaratory judgment actions include 'subverting the real plaintiff's advantage in state court.'" *Id.* at *7 (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 777 (5th Cir. 1993)). "[I]t is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." *Id.* (quoting *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 n.2 (5th Cir. 1991)). *Id.* The court found that Twin Cities filed its declaratory judgment action for improper reasons, stating "[n]ow faced with the prospect of a coercive *Stowers* lawsuit, Twin City wants to pluck out one element of that claim and have a federal court examine that discrete issue divorced from the whole Stowers action. This can only be described as 'procedural fencing' and a 'race for res judicata.'" *Id.* at *7–8.

Allstate is doing the same here. It improperly brought this action to attempt to subvert Mr. Fuentes' advantage in state court, if and when the *Stowers* claim ever becomes ripe.

Lastly, no factor weighs in favor of this Court hearing this case. On balance, assuming this Court finds that the claims are ripe and there is a justiciable

---

[3] There is no reason why Allstate could not intervene in the Harris County Suit that already involves all the necessary parties seeking the same relief. By preemptively and prematurely filing this federal court action, Allstate is blatantly engaged in forum shopping and attempting to win the race to the courthouse for any future actions. Allstate's improper motives weigh strongly in favor of this Court declining to hear this case.

controversy between Mr. Blank and Allstate, policy consideration weigh strongly in favor of this Court exercising its discretion and declining to hear this case.

**B.   A declaratory judgment action cannot be used to declare nonliability in tort and, as such, Allstate fails to state a claim upon which relief can be granted.**

"A *Stowers* claim sounds in tort." *See In re Farmers Tex. Cnty. Mut. Ins. Co.,* 621 S.W.2d 261, 275 (Tex. 2021). It is a basic negligence claim. *See Am. Ins. Co. v. Assicurazioni Generali S p A*, 2000 U.S. App. LEXIS 39922, at *14 (5th Cir. July 24, 2000) ("The *Stowers* doctrine sounds in negligence."). But it is well settled that "a prospective tort defendant may not obtain declaration of nonliability for the alleged tort." *See Precision Drilling Co., L.P. v. Crum & Forster Ins. Co.*, 2021 WL 4820670, *2 (S.D. Tex. Oct. 15, 2021); *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 n.2 (5th Cir. 1991) ("It is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of non-liability."); *In re Houston Specialty Ins. Co.*, 569 S.W.3d 138, 140 (Tex. 2019) ("[A] potential tort defendant may not seek a declaration of nonliability in tort.").

The purpose of Allstate's complaint is to obtain a declaration of its nonliability in tort. (ECF No. 1, at 6). An entire section of Allstate's complaint is titled "absence of *Stowers* liability. (*Id.*); (*see also id.* ¶ 18) (seeking a declaration regarding "Mr. Blank's inability to prove that Allstate acted unreasonably in response to that settlement offer."). This is an improper use of the declaratory

judgment statute. Just as Mr. Blank could not file a declaratory judgment action that Mr. Fuentes owed a duty of care or was ultimately negligent in how he drove the truck on the day of the crash, Allstate cannot seek a declaration that it was not negligent in handling Mr. Fuentes' policy. The Court should dismiss Allstate's complaint for failure to state a claim upon which relief can be granted.

## Conclusion

Allstate's attempt to obtain a declaration that it did not breach its *Stowers* duty to its insured (e.g., Mr. Fuentes) should be rejected. The complaint is subject to dismissal under Rule 12(b)(1) because (i) *Stowers* issues are not yet ripe, (ii) no justiciable controversy between Mr. Blank and Allstate exists, and (iii) policy considerations strongly weigh in favor of the Court declining to exercise its jurisdiction. More important, not dismissing this action would open the flood gates to insurers filing declaratory judgment in every case involving insurance—including routine car accident actions—regarding potential *Stowers*' liability in federal courts cases to avoid suit in state court even before any *Stowers* action has accrued.

Alternatively, dismissal under 12(b)(6) is warranted. A party cannot file a declaratory action seeking a declaration of non-liability in tort. But that is precisely what Allstate is attempting to do in this action.

Plaintiff respectfully requests that the Court dismiss this case.

Respectfully submitted,

*/s/ Randall O. Sorrels*
Randall O. Sorrels
*Attorney-in-charge*
Federal ID No. 11115
State Bar No.
Philip J. Morgan
Federal ID No. 1708541
State Bar No. 24069008
SORRELS LAW
5300 Memorial Dr., Suite 270
Houston, Texas 77007
Phone: (713) 496-1100
Facsimile: (713) 751-2394
randy@sorrelslaw.com
phil@sorrelslaw.com

## CERTIFICATE OF CONFERENCE

In accordance with the Court's procedures, and based on the authorities above, I conferred with opposing counsel, provided authority, and requested counsel dismiss his case. Counsel declined to do so.

*/s/ Philip J. Morgan*
Philip J. Morgan

## CERTIFICATE OF SERVICE

I certify that on October 27, 2023, the foregoing was served on all parties through the Court's CM/ECF electronic case filing system.

*/s/ Philip J. Morgan*
Philip J. Morgan